IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GAA FAMILY LIMITED PARTNERSHIP,

    Plaintiff,

v.    CIVIL ACTION NO. 5:16-cv-12563

SOUTHEAST RESTORATION, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Dismiss Count IV of Plaintiffs' Complaint Pursuant to FRCP 12(b) and FRCP 19* (Document 7), the *Memorandum of Law in Support* (Document 8), and the Plaintiff's *Memorandum in Opposition of Defendant's Motion to Dismiss* (Document 9), as well as all relevant exhibits. For the reasons stated herein, the Court finds that the motion should be denied.

**FACTUAL BACKGROUND**

The Plaintiff, GAA Family Limited Partnership, filed a *Complaint and Request for Declaratory Judgment* (Document 1-2) in the Circuit Court of Raleigh County, West Virginia, on August 3, 2016. The Defendant, Southeast Restoration, Inc., removed on December 27, 2016, asserting diversity jurisdiction.

GAA is a trust that leases space in a building in Greenbrier County, West Virginia, to Schewel Furniture Company, where Schewel maintained a furniture store. Southeast Restoration, doing business as AfterDisaster, offers remediation for water damage. After serious flooding in

June 2016, Schewel "contacted AfterDisaster in an attempt to obtain services to repair, reconstruct and clean the building." (Compl. at ¶ 4.) AfterDisaster met with a representative of GAA a day after beginning work on the Schewel building. When the GAA representative expressed concern about the cost, "AfterDisaster assured GAA that the cleanup/repair would be covered by insurance and that AfterDisaster had a history of working successfully with insurance companies to obtain satisfactory payment." (*Id.*) GAA signed a Work Authorization with no cost estimate. GAA continued to raise concerns about the repair and clean-up costs and represented that it would be unable to pay a large amount, and AfterDisaster continued to assure GAA that there would not be a problem. After completing work, "AfterDisaster presented a bill to GAA in excess of $400,000.00." (*Id.*)

GAA's complaint contains four counts. Count One asserts that AfterDisaster engaged in unfair pricing practices in the wake of the flooding, in violation of the West Virginia Consumer Credit and Protection Act. Count Two alleges breach of good faith and fair dealing, based on AfterDisaster's failure to make GAA aware of the potential costs prior to presenting the invoice. Count Three alleges fraud in the procurement based on AfterDisaster's false assurances "that the bill would be reasonable and would be covered by insurance." (*Id.* at ¶ 15.) Count IV seeks a declaratory judgment that the "Work Authorization and Agreement" signed by GAA's representative is null and void and unenforceable. AfterDisaster filed its motion to dismiss Count IV on January 17, 2017. GAA responded on January 27, 2017, and AfterDisaster did not file a reply memorandum.

## STANDARD OF REVIEW

Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a party to assert a defense

by motion for failure to join a party required under Rule 19. Fed. R. Civ. P. 12(b)(7). Rule 19(a)(1)B) provides that a party is required if: "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interests; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.* 19(a)(1)(B). If joinder of the required party is feasible, and the existing parties have failed to join it, the party may be joined by court order. *Id.* 19(a)(2).

Dismissal based on non-joinder is disfavored. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999). Therefore, courts conduct a two-step inquiry. First, courts consider whether a party is necessary "because of its relationship to the matter under consideration." *Id.* at 440. Next, "[i]f a party is necessary, it will be ordered into the action." *Id.* Only when a party cannot be joined will the court "determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Id.* (noting that joinder is not feasible in a diversity case if the required party would destroy diversity jurisdiction).

## DISCUSSION

AfterDisaster argues that Count IV of the complaint, seeking to void the Work Authorization and Agreement, must be dismissed because it was signed by Schewel, as well as AfterDisaster and GAA. AfterDisaster asserts that Schewel is a necessary and indispensable party, and GAA's failure to name Schewel as a party requires dismissal under Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure. In response, GAA argues that Schewel has no interest in this litigation, as GAA has no claim against Schewel, and does not believe Schewel has

3

a claim against AfterDisaster or that AfterDisaster has a claim against Schewel. GAA states that it would not object to Schewel's addition as a third-party defendant if AfterDisaster believes it has a claim against Schewel.

Although a Schewel representative signed the Work Authorization and Agreement, GAA's allegations suggest that it (or its insurer) is the only entity responsible for paying the invoice. AfterDisaster contends that "Schewel has important interests that would be affected by a declaration that the Contract between GAA, Schewel, and AfterDisaster is null and void." (Mem. in Supp. of Mot. to Dismiss at 3.) However, it does not explain what those interests may be. According to the complaint, all relevant work on the premises leased by Schewel has been completed, and the dispute appears focused only on payment. A review of the contract at issue does not reveal any obvious interest of Schewel's that could be impeded by its absence from this litigation. Without any indication of precisely what interests are at issue, it is unclear whether Schewel is a necessary defendant, plaintiff, cross-defendant or cross-plaintiff, or third-party defendant or plaintiff.[1] Accordingly, the Court finds that AfterDisaster has not met its burden of demonstrating that Schewel is a necessary party.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Dismiss Count IV of Plaintiffs' Complaint Pursuant to FRCP 12(b) and FRCP 19* (Document 7) be **DENIED.**

---

1 Neither party provided any evidence or statement with regard to Schewel's citizenship. Thus, even if the Court found it to be necessary party, it would be impossible to determine whether it is necessary to dismiss the case or join Schewel as a party.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 23, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA